**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Bryan Bernard</u>

    v.                                           Civil No. 07-cv-341-JL

<u>New Hampshire Department
of Corrections, et al.</u>

**O R D E R**

Pro se plaintiff Bryan Bernard brings this action, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the First and Fourteenth Amendments to the United States Constitution (document nos. 1, 3-4 and 6). Named as defendants are William L. Wrenn, Commissioner of the New Hampshire Department of Corrections and the following employees of the New Hampshire State Prison: James P. Daly, Chaplain; Christopher Kench, Administrator; and corrections officers Danny Shaw, Clay LeGault, Kingsbury, Duffin, Strople, Knieriemen and Mosher.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule

("LR") 4.3(d)(2). For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Bernard has alleged the following claims: (1) First Amendment claims based on the denial of free exercise of religion against LeGault, Kingsbury, Strople, Mosher, Wrenn, Kench and Shaw; and (2) First Amendment retaliation claims against Strople, Knieriem and Shaw. I recommend dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint served on the defendants. The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document nos. 1, 3-4 and 6). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office

to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's Office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 1, 2008

cc:   Bryan Bernard, pro se