UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Bryan Bernard**

    v.                                 Civil No. 07-cv-341-JL
                                        Opinion No. 2008 DNH 124

**New Hampshire Department
of Corrections et al.**


**O R D E R**

Bryan Bernard, proceeding pro se and in forma pauperis, has sued the New Hampshire Department of Corrections, its Commissioner, and a number of the employees of the New Hampshire State Prison, for their actions during Bernard's incarceration at that facility. The Magistrate Judge, conducting an initial review of Bernard's complaint, see 28 U.S.C. § 1915A; L.R. 4.3(d)(2), recommended that the action proceed on claims for violations of his right to free exercise arising out of certain defendants' disciplining and retaliating against him for trying to keep his beard unshaven per the dictates of his faith and, ultimately, forcing him to shave nonetheless. Rept. & Rec. at 2.

As to these claims, the Magistrate Judge noted, "the complaint seeks injunctive and monetary relief for wrongs committed by defendants as state actors in their official capacities," but that any such claims for money damages were barred by the Eleventh Amendment. Id. at 19. So the Magistrate

Judge recommended dismissal of the "official capacity claims for monetary relief against the state defendants," but recommended that Bernard be allowed to proceed on his claims against those defendants for injunctive relief.  Id. at 20.  The Magistrate Judge also warned that:

> If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection . . . or properly moving to amend the complaint.

Id. at 20-21.  Bernard has since done neither, so this court has adopted the Magistrate Judge's recommendations wholesale.

Bernard was released from the New Hampshire State Prison on March 13, 2008, having served the incarcerative portion of his sentence in its entirety.  The defendants now move to dismiss the complaint, arguing that Bernard's release has mooted his claims for injunctive relief against the defendants, which were the only claims that survived the Magistrate Judge's report and recommendation.  "A case becomes moot if, at some time after the institution of the action, the parties no longer have a legally cognizable interest in the outcome."  Goodwin v. C.N.J., Inc., 436 F.3d 44, 48 (1st Cir. 2006).  Since Bernard has been released from prison, enjoining the defendants from interfering with his First Amendment rights will do nothing to protect his exercise of

those rights, which he is free to enjoy now that the defendants no longer have any authority over him.  His claim for an injunction against them is moot.  "After all, a federal court may not grant injunctive relief when, as in this case, intervening events have eliminated any reasonable anticipation that the aggrieved party will, in the future, be faced with recurrence of the alleged harm."  Id. at 49.

Bernard does not seriously dispute this conclusion.  Instead, he argues that the defendants violated his First Amendment rights while he was in their custody, "which resulted in damages, emotional, spiritual, [and] physical deterioration among other negative results."  But the Magistrate Judge recommended dismissal of Bernard's claim for damages against the defendants as barred by the Eleventh Amendment, and he did not object to that recommendation.  As the Magistrate Judge cautioned, the failure to do so "irretrievably waive[d] any right to review by the district court."  Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).  Nor did Bernard seek to amend his complaint to press any theory not subject to the Eleventh Amendment bar.

Since Bernard's claim for damages has been dismissed, all that remains is his claim for injunctive relief, which is moot.

The defendants' motion to dismiss (document no. 15) is GRANTED.

The clerk shall enter judgment accordingly and close the case.

    **SO ORDERED.**

                                            _____
                                            Joseph N. Laplante
                                            United States District Judge

Dated:  July 7, 2008

cc:  Bryan Bernard, pro se
     Nancy J. Smith, Esq.